**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

**UNITED STATES OF AMERICA,
ex rel. ELIZABETH BURROUGHS
And ELIZABETH BURROUGHS**                                    **PLAINTIFF**

**V.**                                    **4:08CV2757 JMM**

**CENTRAL ARKANSAS DEVELOPMENT
COUNCIL, et al**                                    **DEFENDANTS**

**ORDER**

Pending is the Plaintiff's request to file a Second Amended Complaint to add claims under the Fraud Enforcement and Recovery Act of 2009 ("FERA") and 18 U.S.C. § 1346. For the reasons set forth below, the Motion for Leave to Amend is DENIED. The pending Motions to Dismiss filed by Diane Tatum and Joni Jones, Jamie Morrison, Tonya Russell, and John Selig are GRANTED.

> **I.     Procedural History**

Plaintiff filed her original Complaint on September 17, 2008 and her First Amended Complaint on April 16, 2009. The United States has declined to intervene in the action but has notified the Court of its interest.

In Count I of the First Amended Complaint, Plaintiff alleges that Defendants Central Arkansas Development Council ("CADC") and Larry Cogburn have violated the Federal False Claims Act, 31 U.S.C. § 3729(a)(1). CADC provides childcare services for indigent children which is authorized and funded by the Arkansas Better Chance Program ("ABC"). Larry Cogburn is the Executive Director of the CADC. Plaintiff was hired by CADC on August 13, 2007 as a Lead Teacher II to teach three and four year olds. According to Plaintiff, she was the only teacher at CADC educationally qualified to be a Lead Teacher. When Plaintiff's employment was

terminated on October 15, 2007, she alleges that CADC failed to meet the guidelines for operation of the early childhood programs funded under the ABC.  Plaintiff claims that CADC filed Medicaid claims while failing to meet the ABC guidelines and, as a result, all the Medicaid claims filed by CADC were fraudulent.  (Amended Comp. at 14.)

In Count II, Plaintiff alleges that CADC employees knowingly made or used false records to get fraudulent claims paid by officials of the U.S. Government in violation of 31 U.S.C. § 3729(a)(2).  Again this occurred because claims were filed and paid without properly educated Lead Teachers.  In Count III, Plaintiff alleges that CADC and Cogburn conspired to violate 31 U.S.C. § 3729(a)(3) by filing and receiving payment of claims without properly educated Lead Teachers.  In Count IV, Plaintiff claims that after she had conversations with CADC management concerning the lack of qualified Lead Teachers she was terminated on false grounds (Amended Comp. at 5) in violation of the whistle blower protection provision of the False Claims Act, 31 U.S.C. § 3730(h).  In Count V, Plaintiff alleges that CADC and Cogburn acted under color of law when they retaliated against her and deprived her of her procedural due process rights all in violation of 18 U.S.C. § 1983 and the Arkansas Civil Rights Act.  In Count VI, Plaintiff alleges reverse racial discrimination and retaliation by CADC and Cogburn in violation of Title VII of the Civil Rights Act of 1964.  In Count VII, Plaintiff alleges that CADC and Cogburn breached Plaintiff's employment contract.

Finally in a section entitled First Amendment to Complaint, Plaintiff alleges that a conspiracy existed between CADC, Cogburn, Diane Tatum, Randy Lawson, John Selig, Joni Jones, Tonya Russell and Jamie Morrison to defraud the U.S. Government through the falsification of Medicaid claims as described in Counts I through IV.  However, after thorough review of the pleadings it appears that Plaintiff merely alleges a conspiracy between CADC,

2

Cogburn, Tatum and the DHS Defendants in Counts I through III.  *See* Amended Comp. at p. 30-31.  Plaintiff seeks damages from CADC and Cogburn only for Count IV.  Further, Plaintiff has not alleged that Tatum or the DHS Defendants were her employer or had the capacity to discharge, demote, suspend, threaten, harass, or discriminate against her in the terms and conditions of her employment because of her efforts to stop alleged violations of the FCA.  *See* 31 U.S.C. § 3730(h)(1).  Plaintiff states that she was employed by the CADC.  (Amended Comp. at p. 4.)  Therefore, Plaintiff can only bring a claim for retaliation under the FCA against the CADC.  *See* *U.S. ex re. Golden v. Arkansas Game & Fish Com'n,* 333 F.3d 867, 870-71 (8th Cir. 2003).

Defendant Diane Tatum, a member of the Arkansas Board of Education, filed a Motion to Dismiss Plaintiff's First Amended Complaint against her.  Defendants John Selig, Director of the Arkansas Department of Human Services, Joni Jones, Director of the Arkansas Department of Human Services Division of County Operations, Tonya Russell, Director of the Arkansas Department of Human Services of Child Care and Early Childhood Education, and Jamie Morrison, Administrator of the Arkansas Department of Human Services (the "DHS Defendants") have filed a Motion to Dismiss Plaintiff's Amended Complaint against them.

On January 26, 2010, Plaintiff filed a Motion for Leave to File a Second Amended Complaint to include claims under the Fraud Enforcement and Recovery Act of 2009 ("FERA") and 18 U.S.C. § 1346.

## II.    Standard of Review

The Court must first determine whether it is in the interest of justice to allow Plaintiff to amend her Complaint to add claims under FERA.  If Plaintiff is allowed to amend, the Defendants' Motions to Dismiss must be denied without prejudice to re-file the motions as applicable to the Second Amended Complaint.  If Plaintiff is not granted leave to amend, the

Court can rule immediately on the motions to dismiss.

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend its pleading with leave of court "when justice so requires."  Fed. R.Civ. P. 15(a)(2).  "Ordinarily, the decision of whether to allow a plaintiff leave to amend a complaint is within the district court's discretion, however, when the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and appellate review of this legal conclusion is also de novo." *Cornelia I. Crowell GST Trust v. Possis Medical, Inc*. 519 F.3d 778, 781-782 (8th Cir. 2008) (citing *In re Senior Cottages of America,* 482 F.3d 997, 1001 (8th Cir. 2007)).

###    III.    Discussion of the Law

###    A. Amendment of the Complaint

Plaintiff seeks to amend her Complaint to add claims under FERA and 18 U.S.C. § 1346.  FERA was passed by Congress and signed into law by President Obama on May 20, 2009.  *See* P.L. 111-21, 123 Stat. 1617.  In § 4(f)(1) of FERA, Congress provided that the amendments "shall take effect as if enacted on June 7, 2008, and apply to all claims under the False Claims Act that are pending on or after that date." 123 Stat. At 1625.  "A 'claim' is defined in the amendments to the FCA set forth in the FERA as 'any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property....' 31 U.S.C. § 3729(b)(2)(A). Neither the amendments to the FCA set forth in the FERA nor the prior FCA include a definition of 'case.' Thus, a plain reading of the retroactivity language reveals that the relevant change is applicable to 'claims' and not to 'cases.'" *U.S. ex rel. Sanders v. Allison Engine Co., Inc.,* 667 F.Supp.2d 747, 752, 2009 WL 3626773, 4 (S.D.Ohio 2009).  *Accord*

*Hopper v. Solvay Pharmaceuticals, Inc.,* 588 F.3d 1318, 1327 (11th Cir. 2009) ( "We interpret the word 'claim in section 4(f) to mean 'any request or demand ... for money or property,' as defined by 31 U.S.C. § 3729(b)(2)(A) (as amended May 2009)."); *U.S. v. Science Applications Int'l Corp.*, 653 F. Supp. 2d 87 (D.D.C. 2009) ("Under 31 U.S.C. § 3729, a "claim" is a "request or demand ... for money or property." . . .  FERA's legislative history supports applying the statutory definition of "claim" when interpreting the reach of FERA section 4(f)(1)"); *U.S. ex rel. Parato v. Unadilla Health Care Ctr., Inc.,* 2010 WL 146877 (M.D.Ga. Jan. 11, 2010);  *U.S. ex rel. Putnam v. Eastern Idaho Regional Medical Center,* 2010 WL 910751, 4 (D.Idaho March 10, 2010)("[B]ecause the claims for Medicaid reimbursement at issue in this case were neither pending on nor filed after June 7, 2008, the pre-FERA version of § 3729(a)(2) governs the United States' cause of action under that subsection."); *Mason v. Medline Ind., Inc.*, 2010 WL 653542 (N.D.Ill. Feb. 18, 2010); *U.S. v. Chubb Institute,* 2010 WL 1076228 (D.N.J. March 22, 2010).

Plaintiff does not allege that the CADC had a "claim" pending on or after June 7, 2008. Therefore, the amendments to the FCA enacted pursuant to the FERA are not applicable to Plaintiff's case.  The prior version of the FCA applies.

In her Motion for Leave to Amend, Plaintiff also includes new claims pursuant to18 U.S.C. § 1346.  However, § 1346 merely broadens the scope of the mail and wire fraud statutes. "Section 1346 does not create a separate offense but expands the definition of scheme or artifice to defraud for both mail and wire fraud."  *U.S. v. Redzic,* 569 F.3d 841, 845 (8th Cir. 2009).  Plaintiff has not, and cannot, bring claims against the Defendants for mail or wire fraud.  Therefore, § 1346 is not applicable to Plaintiff's case.

In conclusion, Plaintiff's Motion for Leave to File a Second Amended Complaint to add claims under FERA and 18 U.S.C. § 1346 (Docket # 93) is denied because the amendment would

5

be futile.  FERA and 18 U.S.C. § 1346 are not applicable to the facts of this case.

**B.  Motions to Dismiss**

The DHS Defendants have filed a Motion to Dismiss Plaintiff's Amended Complaint against them for the following reasons: 1) the Complaint fails to state a cause of action upon which relief may be granted; 2) Plaintiff is not an original source and may not maintain the action under the False Claims Act; 3) the DHS Defendants are not persons within the meaning of the False Claims Act; 4) the allegations in the Complaint do not satisfy the materiality requirements for an action under the False Claims Act; 5) no actionable false certification was alleged; and 6) Plaintiff lacks standing to bring the state law claims and the state law claims are not cognizable in this Court.  (DHS Defs' Motion to Dismiss, at p. 2.)

"Because the FCA is an anti-fraud statute, complaints alleging violations of the FCA must comply with Rule 9(b)."  *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc*., 441 F.3d 552, 556 (8th Cir. 2006) (citing *United States ex rel. Kinney v. Stoltz*, 327 F.3d 671, 674 (8th Cir. 2003)).  "To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result. Put another way, the complaint must identify the "who, what, where, when, and how" of the alleged fraud."  *Id.*  The Court must accept allegations of fact as true when considering a motion to dismiss, but the Court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences, and sweeping legal conclusions cast in the form of factual allegations. *Wiles v. Capital Indem. Corp*., 280 F.3d 868, 870 (8th Cir. 2002).

In support of the Motion to Dismiss, the DHS Defendants cite the Court to *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc*., 441 F.3d 552 (8th Cir. 2006).  In that case, Dr. Joshi alleged that St.

Luke's Hospital, where Joshi was formerly employed as an anesthesiologist, requested and received Medicare reimbursement for anesthesia services performed by another anesthesiologist, Dr. Bashiti. *Joshi*, 441 F.3d at 554.  Joshi contended that because Dr. Bashiti failed to perform pre-anesthesia evaluations, prescribe anesthesia plans and falsely certified that he had supervised the work of the nurse anesthetists, St. Luke's should not have been reimbursed by Medicare for anesthesia services.  Joshi also alleged that St. Luke's billed Medicare for more supplies and prescriptions than were actually used for Dr. Bashiti's patients.  Joshi offered a table summarizing fraudulent anesthesia services performed on four specific days by nurse anesthetists and Dr. Bashiti at St. Luke's, including the time, surgeon, patient initials, and nurse involved.  *Id.* at 555. Further, Joshi offered to submit a table summarizing medications issued to seven patients on specific days for which St. Luke's billed the Government for a quantity greater than the amount actually administered.

The Eighth Circuit affirmed the district court's finding that Dr. Joshi failed to comply with Rule 9(b).  The Court listed several details which were missing from the Complaint, including who was involved in the fraudulent billing aspect of the conspiracy, what dates the defendants allegedly submitted the false claims to the government, what monies were fraudulently obtained as a result of any transaction, and how Dr. Joshi, an anesthesiologist, learned of the alleged fraudulent claims and their submission for payment.  "Simply put, the complaint fails to identify specifically the "who, what, where, when, and how" of the alleged fraud."  *Id.* at 556.

The Court went on to discuss Joshi's contention that he satisfied the particularity requirement by alleging that "all the nurse anesthetists' work was illegal" and "every invoice for nurse anesthetists' work was fraudulent."  *Id.*  "Dr. Joshi's allegation that 'every' claim submitted by St. Luke's was fraudulent lacks sufficient 'indicia of reliability.' Dr. Joshi was an

anesthesiologist at St. Luke's, not a member of the billing department, and his conclusory allegations are unsupported by specific details of St. Luke's and Dr. Bashiti's alleged fraudulent behavior." *Id*. at 557.

Plaintiff's First Amended Complaint in the instant case suffers from the same deficiencies as Dr. Joshi's complaint.  Plaintiff alleges that false claims were made by the Defendants but fails to give any details required under Rule 9(b) as to who submitted the claims, what day they were submitted, whether they were paid, and how Plaintiff, a teacher, became aware of the specific claims.  There is no indicia of reliability in the Plaintiff's allegations.

Moreover, Plaintiff's base allegation that CADC did not employ educationally qualified teachers is not a predicate for a claim under the FCA.  The facts in *U.S. ex rel. Hopper v. Anton*, 91 F.3d 1261 (9th Cir. 1996) are analogous to the facts of the instant case.  Plaintiff Sheila Hopper was a special education teacher in the Los Angeles Unified School District.  For several years before she filed suit, Hopper complained that the School District was not complying with the Individuals With Disabilities Act ("IDEA") and the California Code regarding Individual Education Program ("IEP") evaluations.  Hopper eventually reported the matter to the California State Department of Education which found the School District out of compliance on three different occasions.  Hopper also filed a discrimination complaint with the U.S. Department of Education Office for Civil Rights contending that special education students were not being serviced.

In the meantime, Hopper was suspended by her school for allegations that she used impermissible corporal punishment and permitted a student to arrive late to school without proper authorization.  Hopper filed suit in district court asserting a *qui tam* claim and a retaliation claim under the FCA.  "For her *qui tam* action, Hopper alleged that the School District conducted

evaluations of potential special education students without classroom teachers in violation of

California Education Code § 56341(b)(2) and 34 C.F.R. § 300.344(a) and prolonged the

evaluation process to avoid placing eligible students into special education classes in violation of

state and federal law. Hopper argued these violations of state and federal law entitled her to bring

a *qui tam* action under the FCA for recovery of IDEA funds provided to the School District." *U.S.*

*ex rel. Hopper v. Anton,* 91 F.3d 1261, 1264 (9th Cir. 1996).  Hopper argued that the School

District committed fraud by annually submitting forms to the California Department of Education

indicating the number of special education students in the district.  According to Plaintiff,

submission of the forms constituted an actionable false claim

because the School District was not in regulatory compliance with the IDEA.

On a motion for summary judgment, the district court dismissed the *qui tam* claim.  The

Ninth Circuit affirmed stating, "Hopper . . . argues that the School District has made an actionable

false claim by accepting federal funds when it was not in compliance with IDEA. This contention

suffers from the same fatal defect: lack of a false claim. Mere regulatory violations do not give

rise to a viable FCA action. This is particularly true here where regulatory compliance was not a

*sine qua non* of receipt of state funding. There are administrative and other remedies for

regulatory violations. . . . [A]bsent actionable false certifications upon which funding is

conditioned, the False Claims Act does not provide such a remedy."  *Hopper*, 91 F.3d at 1267.

Similar to Hopper, Plaintiff claims that the Defendants made a false claim by accepting

Medicaid funds when the CADC was not in compliance with the ABC Program.[1]  However,

funding under Medicaid is not conditioned upon day care teacher certification at the CADC.

---

[1] The Court must take the Plaintiff's factual allegation that CADC actually receives Medicaid funding for its day care facilities as true when ruling on a motion to dismiss.

Therefore, Plaintiff's allegations against the Defendants fail to state a cause of action under the FCA, 31 U.S.C. § 3729(a)(1), (a)(2), and (a)(3).  Plaintiff's claims under Count I (31 U.S.C. § 3729(a)(1)), Count II (31 U.S.C. § 3729(a)(2)), and Count III (31 U.S.C. § 3729(a)(3)) are dismissed as to <u>all</u> Defendants for failure to comply with Rule 9(a) and failure to state a claim under Rule 12(b)(6).

The DHS Defendants and Tatum are not included in any of Plaintiff's claims under Title VII, § 1983, the Arkansas Civil Rights Act, or state contract law.  Accordingly, the DHS Defendants and Tatum are dismissed as a parties in this case.    Tatum's Motion to Dismiss is GRANTED.  The DHS Defendants' Motion to Dismiss is GRANTED.

## IV.   <u>Conclusion</u>

In conclusion, the Motion for Leave to File a Second Amended Complaint (Docket # 93) is DENIED.  The pending Motions to Dismiss filed by Diane Tatum (Docket # 47) and Joni Jones, Jamie Morrison, Tonya Russell, and John Selig (Docket # 67) are GRANTED.  The Clerk is directed to dismiss Diane Tatum, Joni Jones, Jamie Morrison, Tonya Russell, and John Selig as defendants in this case. [2]

The Court notes that Defendant Randy Lawson has not been served by the Plaintiff within

---

[2]  The United States filed a Statement of Interest with Regard to the Motions to Dismiss (Docket # 33, 65) asking the Court to solicit the written consent of the United States before granting the motions to dismiss, or in the alternative, to grant the motions without prejudice as to the United States of America.  The Government cited 31 U.S.C. § 3730(b)(1).  In *U.S. ex rel. Shaver v. Lucas Western Corp.,* 237 F.3d 932 (8th Cir. 2001), the Eighth Circuit explained that 31 U.S.C. § 3730(b)(1) merely requires the Attorney General's consent where the "relator seeks a voluntary dismissal, not where, as here, the district court grants a motion by the defendant to dismiss for failure to state a claim." *Shaver,* 237 F.3d at 934 (citing *Searcy v. Philips Elecs. N. Am. Corp.*, 117 F.3d 154, 158 (5th Cir. 1997) (noting government concession that requiring its consent to involuntary dismissal would raise separation-of-powers concerns)).  Pursuant to *Shaver,* the Court has not solicited the United States' consent before issuing this Order.

120 days after the First Amended Complaint was filed.  Therefore, the First Amended Complaint is dismissed without prejudice as to Defendant Randy Lawson pursuant to Fed. R.Civ. P. Rule 4(m).

The claims under Title VII, § 1983, the Arkansas Civil Rights Act, and Arkansas state law for breach of contract remain as to Defendants CADC and Larry Cogburn.  The claim of retaliation pursuant to 31 U.S.C. 3730(h) remains as to Defendant CADC.

IT IS SO ORDERED this 19th day of April, 2010.

James M. Moody
United States District Judge