IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

UNITED STATES OF AMERICA,
ex rel. ELIZABETH BURROUGHS
And ELIZABETH BURROUGHS					PLAINTIFF

V.					4:08CV2757 JMM

CENTRAL ARKANSAS DEVELOPMENT
COUNCIL, et al					DEFENDANTS

**ORDER**

Plaintiff asks the Court to certify to the Court of Appeal for the Eighth Circuit the April 19, 2010 Order filed in this case.  Former Defendants John Selig, Joni Jones, Tonya Russell, Jamie Morrison and Diane Tatum have objected to the certification.  For the reasons set forth below, the Motion is DENIED.

On April 19, 2010, the Court denied Plaintiff's motion to amend her Complaint for the second time and granted two separate motions to dismiss.  Plaintiff asked the Court to allow her to include claims under the Fraud Enforcement and Recovery Act of 2009 ("FERA") and 18 U.S.C. § 1346.  The request was denied because the Plaintiff had failed to allege that a "'claim' was pending on or after June 7, 2008.  Therefore, the amendments to the FCA enacted pursuant to the FERA [were] not applicable to Plaintiff's case.  The prior version of the FCA applie[d]." (Order at p. 5.)  The Court further found that the amendment would be futile.

The Court went on to explain that Federal Rule of Civil Procedure 9(b) and Eighth Circuit case law required a complaint under the FCA to include details which were missing from Plaintiff's First Amended Complaint.  Therefore, Plaintiff's claims under the FCA were also dismissed. The motions to dismiss of Defendants John Selig, Joni Jones, Tonya Russell, Jamie Morrison and Diane Tatum were granted because Plaintiff had failed to set forth a claim against

them. However, Plaintiff's claims under Title VII, § 1983, the Arkansas Civil Rights Act, and Arkansas state law for breach of contract remained as to Defendants CADC and Larry Cogburn. Plaintiff's claim of retaliation pursuant to 31 U.S.C. 3730(h) remained as to Defendant CADC.

Plaintiff asks the Court to certify these findings pursuant to 28 U.S.C.A. § 1292(b) which states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C.A. § 1292(b). "Because '[t]he requirements of § 1292(b) are jurisdictional,' if the case does not present circumstances satisfying the statutory prerequisites for granting certification, this court cannot allow the appeal." *Union County, Iowa v. Piper Jaffray & Co., Inc.,* 525 F.3d 643, 645-46 (8th Cir. 2008) (citing *White v. Nix,* 43 F.3d 374, 376 (8th Cir. 1994)). The movant bears "the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *Id.* "Section 1292(b) establishes three criteria for certification: the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *Id.*

After reciting the law and the issue to be certified, Plaintiff merely states: "These issues are collateral to the Plaintiff's merits, may become final, and warrant immediate appellate review. The Order resolves the rights of Defendants to the potentially irreparable injury of the

Plaintiff." (Pl's Motion, at p. 4.) As the former Defendants argue, Plaintiff has failed to demonstrate that the three criteria for certification under § 1292(b) have been met.

The only issue which could possibly meet the criteria for certification is whether or not Plaintiff should be allowed to amend her Complaint to add a claim under the FERA. Congress amended § 3729(a)(2) in the Fraud Enforcement and Recovery Act of 2009 ("FERA"). FERA provided for retroactive application "to all claims under the False Claims Act ... that are pending on or after" June 7, 2008. P.L. 111-21, at 1625.

The majority of courts considering the retroactivity issue have found that the term "claim" refers only to a defendant's request for payment, and not to pending cases. *See Hopper v. Solvay Pharmaceuticals, Inc.* 588 F.3d 1318, 1327 (11th Cir. 2009) ("We interpret the word "claim" in section 4(f) to mean "any request or demand ... for money or property," as defined by 31 U.S.C. § 3729(b)(2)(A) (as amended May 2009)."*); U.S. ex rel. Westrick v. Second Chance Body Armor, Inc.* 2010 WL 1753378, 2 (D.D.C. 2010)("The word 'claims,' as it applies in the relevant provision, refers to 'a defendant's request for payment' and not to 'civil actions for FCA violations.'"); *U.S. ex rel. Bender v. North American Telecommunications, Inc.* 2010 WL 653462, 7 (D.D.C. 2010) ("'claims' refers only to a defendant's request for payment, and not to pending cases."); *United States v. Sci. Applications Int'l Corp.*, 653 F.Supp.2d 87, 107 (D.D.C. 2009) ("Congress did not intend 'claims' ... to mean 'cases.' "); *United States ex rel. Sanders v. Allison Engine Co.*, 667 F.Supp.2d 747, 752 (S.D.Ohio 2009) ("[A] plain reading of the retroactivity language reveals that the relevant change is applicable to 'claims' and not to 'cases.'"). *Compare U.S. ex rel. Stephens v. Tissue Science Laboratories, Inc.,* 664 F.Supp. 2d 1310, 1316 (N.D.Ga. 2009) ("Because this action was pending on June 7, 2008, the amended § 3729(a)(1)(B) applies to this action.") Accordingly, the Court adopted the majority position that

the term "claim" refers only to a defendant's request for payment, and not to pending cases. There is not a substantial ground for difference of opinion on this issue.

Plaintiff was hired by CADC on August 10, 2007 and terminated on October 15, 2007. She filed her original Complaint on September 17, 2008. However, she did not specify when any "claim" was pending which was actionable under the FCA. Even giving Plaintiff all reasonable inferences, the Court cannot arbitrarily decide that allegedly fraudulent claims were pending on or after June 7, 2008 as required for FERA to retroactively apply to this case. Therefore, the Court concluded that FERA did not apply to this case and Plaintiff should not be granted leave to include claims under the Act.

Moreover, Plaintiff has not provided the Court with any authority stating that the retroactive provisions of the FERA changed the pleading requirements for an FCA complaint. Plaintiff's FCA claims were dismissed, not because the FERA was inapplicable, but because she failed to comply with Rule 9(b). "To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result. Put another way, the complaint must identify the "who, what, where, when, and how" of the alleged fraud." *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006) (citing *United States ex rel. Kinney v. Stoltz*, 327 F.3d 671, 674 (8th Cir. 2003)). The Court does not find substantial ground for difference of opinion on this issue either.

In conclusion, the Court finds that Plaintiff's motion for certification under 28 U.S.C. § 1292(b) (Docket # 109) should be DENIED. For the reasons set forth above, it would be an abuse of discretion for the Court to certify these issues for appeal at this time.

IT IS SO ORDERED this 10th day of May, 2010.

_____
James M. Moody
United States District Judge